UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
         v.                 )    CR. NO. 03-10046-MLW
                            )
MANUEL CARDOSA              )
                            )

                      MEMORANDUM AND ORDER

WOLF, D.J.                                    December 31, 2008

     Defendant Manuel Cardosa is serving a 96 month sentence for possessing cocaine base with intent to distribute. As a result of Amendment 706 to the United States Sentencing Guidelines ("U.S.S.G."), which generally retroactively reduces by two levels the offense level for crimes involving crack cocaine and became effective March 3, 2008, Cardosa moved for a reduction of his sentence pursuant to 18 U.S.C. §3582(c)(2) and U.S.S.G. §1B1.10. As Cardosa is indigent, counsel was appointed to represent him. After the court ordered a transcript of Cardosa's sentencing prepared, the parties filed supplemental briefs concerning Cardosa's eligibility for a sentence reduction.[1]

     Defendant argued, and the government agreed, that Cardosa is eligible for a sentence reduction on the theory that he was sentenced based on a Guideline range that has subsequently been

---

[1]Cardosa was sentenced by Judge Reginald Lindsay. This matter was randomly reassigned to this court because of Judge Lindsay's absence for medical reasons.

-1-

lowered by retroactive amendment. See 18 U.S.C. §3582(c)(2). However, the parties presented their position before the First Circuit's recent decision in United States v. Caraballo, ___ F.3d ___, 2008 WL 5274853, *2-*3 (1st Cir. Dec. 22, 2008). Caraballo confirms this court's understanding that Cardosa is not eligible for a reduced sentence.

In Caraballo, the district court first computed the Guideline range based on drug quantity. Id. at *1. It then did the alternate calculation based on the defendant's status as a Career Offender, which resulted in an increased Guideline range of 151 to 188 months. The district court next granted Caraballo's motion for a downward variance and imposed a 108 month sentence. Id.

In affirming the district court's decision that Caraballo was not eligible for a sentence reduction as a result of Amendment 706, the First Circuit noted that 18 U.S.C. §3582(c)(2) states that:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issue by the Sentencing Commission.

The Court of Appeals then wrote that "in enacting this statute, Congress spoke with unmistakable clarity: before a district court can consider a sentence modification thereunder, it must satisfy itself that the original sentence was 'based on a sentencing range that has subsequently been lowered.' Id." The

First Circuit also wrote that "the term 'sentencing range' clearly contemplates the end result of the overall Guideline calculus," which it interpreted to be the Career Offender Guideline range. Id. at *2-3.  The First Circuit stated that its "construction of section 3582(c)(2) is entirely consistent with the Sentencing Commission's policy statements.  See, e.g., USSG §1B1.10(a)(2)(B) (made effective on March 3, 2008, by Amendment 712) (explaining that a sentence reduction "is not authorized under 18 U.S.C. §3582(c)(2) if – an amendment . . . does not have the effect of lowering the defendant's applicable guideline range." Id. at 4.

In addition, the First Circuit rejected Caraballo's contention that he was eligible for a sentence reduction because the district court granted his request for a downward variance. Although Caraballo argued that his sentence was driven by his underlying offense conduct rather than his Career Offender status, the First Circuit responded:

> This argument lacks force.  For one thing, the defendant places more weight on the district court's remark than that remark can bear.  As we explained on direct review and today reaffirm, the court's "primary rationale for imposing a sentence below the guideline sentencing range was not the nature of the offense conduct but, rather, the defendant's "medical condition, which [the court] characterized as 'obviously a serious situation.'" Caraballo, 447 F.3d at 27.
>
> Perhaps more importantly, even though the defendant received a non-guideline sentence, that has no effect on the sentencing range applicable in his case (i.e., the sentencing range contemplated by section 3582(c)). Under an advisory guidelines system, a variance is granted in the sentencing court's discretion after the court has

-3-

> established an appropriately calculated guideline sentencing range. See <u>United States v. Martin</u>, 520 F.3d 87, 91 (1st Cir. 2008); <u>United States v. Robinson</u>, 433 F.3d 31, 35 (1st Cir. 2005). It is that sentencing range that must be lowered by an amendment in order to engage the gears of section 3582(c)(2).

<u>Id.</u> at *5.

The instant case is analogous to <u>Caraballo</u> in all material respects. Judge Lindsay found that the defendant was a Career Offender; his Total Offense Level was 29 and his Criminal History Category was VI; and the Guidelines, therefore, provided a range of imprisonment of 151 to 188 months. See Mar. 17, 2005 Tr. at 25. However, Judge Lindsay decided to depart downward to the Offense Level that would have been applicable to Cardosa if he was not a Career Offender because the Criminal History Category was not a true reflection of Cardosa's actual criminal conduct. <u>Id.</u> at 29-30. Therefore, he treated the matter as if the Total Offense Level was 21 and the Criminal History Category was VI, resulting in a range for imprisonment of 77 to 96 months.

The instant case involves a departure rather than a variance, as in <u>Caraballo</u>. However, the First Circuit's reasoning in <u>Caraballo</u> is equally applicable to departures and variances. As described earlier, in <u>Caraballo</u> the First Circuit held that the departure did not alter the appropriately calculated Career Offender Guideline range and, therefore, the sentence was not "based on" the range established by the Guidelines for crack cocaine which Amendment 706 retroactively reduced. <u>Id.</u> at *3, 5.

This reasoning also applies to departures.

In addition, like the variance granted to Caraballo, id. at *5, the primary rationale for imposing a sentence below the Guideline range concerning Cardosa was not the nature of his offense conduct. Rather, it was the nature of Cardosa's criminal history.

Cardosa does have a factual argument that was not available to Caraballo. In deciding the degree of the departure that was most reasonable, Judge Lindsay used as a benchmark the Guideline range generated by the defendant's crack offense conduct and sentenced him at the high end of that range. Cardosa's ultimate sentence was in this way "based upon" a Guideline range that has now been reduced. However, Caraballo makes clear that it is the properly calculated Guideline range, rather than the ultimate sentence, which is the proper focus for determining eligibility. Id. at *3. Unless an amendment retroactively alters that range, the court lacks jurisdiction, meaning the power, to reduce a sentence. See United States v. Griffin, 524 F.3d 71, 84 (1st Cir. 2008) ("[Section] 3582(c) limits the substantive authority of the district court... [and] is a real 'jurisdictional' rule" (citation and quotation omitted)); United States v. Lawrence, 535 F.3d 631, 637 (7th Cir. 2008); United States v. Santos, 565 F. Supp. 2d 263, 264-65 (D. Mass. 2008). The proper calculation of Cardosa's Guideline range as a Career Offender is not altered by Amendment

706. Therefore, Cardosa's motion to reduce his sentence is not meritorious. See Caraballo at *4; United States v. Menafee, 2008 WL 328254 (D. Conn. Aug. 7, 2008).

Accordingly, Cardosa's Motion to reduce his sentence (Docket No. 72) is hereby DENIED.

                                              /s/ Mark L. Wolf
                                    UNITED STATES DISTRICT JUDGE