UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 03-10046-MLW |
| | ) | |
| MANUEL CARDOSA, | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                          November 24, 2010

On March 17, 2005, defendant Manuel Cardosa was sentenced to
96 months' incarceration for possessing cocaine base with intent to
distribute.[1]  As a result of Amendment 706 to the United States
Sentencing Guidelines ("U.S.S.G."), which, as of March 3, 2008,
generally reduces retroactively by two levels the offense level for
crimes involving crack cocaine, Cardosa moved for a reduction of
his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G.
§1B1.10.  He argued that Amendment 706 had retroactively reduced
his offense level because in determining his sentence, Judge
Reginald Lindsay had departed downward from the total offense level
applicable under the career offender guideline and had employed
instead the offense level applicable under the crack cocaine drug
quantity table, which would have applied had Cardosa not been a
career offender.

On December 31, 2008, this court denied Cardosa's motion on
the understanding that under United States v. Caraballo, 552 F.3d

---

[1]Cardosa was sentenced by Judge Reginald Lindsay.  The
matter was randomly reassigned to this court on April 15, 2008
because of Judge Lindsay's absence for medical reasons.

6 (1st Cir. 2008), Cardosa was not eligible for a reduced sentence. On appeal, the First Circuit disagreed.  See United States v. Cardosa, 606 F.3d 16, 20 (1st Cir. 2010).  In reaching its conclusion, the court relied on Judge Lindsay's statement at sentencing that he was "'depart[ing] downward in this matter under the guidelines to the offense level computation without the career offender status.'" Id. at 21 (emphasis in original).  On this record, the First Circuit concluded, "Cardosa's sentence was...plainly 'based on' the crack cocaine guidelines...." Id. This distinguished the case from Caraballo, where the district court had adjusted the sentence based on a health problem, with no reliance on the previously-calculated crack cocaine guidelines. See id. "As a matter of words," the First Circuit explained, "one could say that a sentence was based on the career offender guideline even if the judge, having found the defendant to be a career offender, then chose to sentence the defendant relying only upon the crack cocaine guidelines." Id. at 20.  However, "in ordinary usage one would say that such a defendant had been sentenced 'based on' the crack cocaine guidelines and, if those guidelines were later lowered by the Commission with retroactive effect, then the defendant is eligible for resentencing." Id. The First Circuit vacated this court's judgment and remanded the case for reconsideration of whether resentencing is appropriate, noting that this is a matter within the discretion of the district judge.

2

See id. at 22.

Cardosa initially moved for resentencing on August 5, 2008. At that time, the Bureau of Prisons ("BOP") projected his release date as May 10, 2010.  In his motion for resentencing, Cardosa calculated that Amendment 706 reduced the advisory guideline range that Judge Lindsay used to compute his sentence to 63-78 months in custody.  Before the First Circuit issued its decision in Caraballo, the government filed a memorandum concurring in this calculation, and agreeing that a revised sentence of 78 months, at the high end of the amended advisory guideline range, was appropriate.  Because Cardosa had effectively already served the equivalent of a 78 month sentence, the parties essentially sought a revised sentence of Time Served.  See U.S.S.G. §1B1.10(b)(2)(C) ("In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.")

The First Circuit issued its decision remanding the case to this court for possible resentencing on May 28, 2010, eighteen days after Cardosa would have completed his original sentence.  However, on June 3, 2009, during the period in which this court's decision denying Cardosa's resentencing motion was on appeal, Cardosa was convicted of an assault resulting in bodily injury and was sentenced to an additional 100 months' incarceration, to be served consecutively.  As a result, Cardosa's current projected release date is November 13, 2017.

The court and counsel for both parties have received the Probation Office's November 5, 2010 Memorandum concerning Cardosa's most recent conviction and sentence.   The information it provides is relevant to determining whether this court should exercise its discretion to reduce the original sentence imposed by Judge Lindsay and, if so, to what the most appropriate sentence would be. Accordingly, it is hereby ORDERED that:

1.  By December 23, 2010, the parties shall confer and submit to Probation and the court, jointly if possible but separately if necessary, a memorandum addressing whether the sentence originally imposed by Judge Lindsay should be reduced and, if so, what the reduced sentence should be.

2.  Any replies shall be filed by January 12, 2011.


                          /s/ Mark L. Wolf
                    UNITED STATES DISTRICT JUDGE